# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| KIMBERLY RUMSEY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 9:17-cv-02026-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| BRADY CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant Brady Corporation's ("Brady") renewed motion for judgment as a matter of law, ECF No. 78. For the reasons set forth below, the court grants the motion.

## I. BACKGROUND

This action arises from plaintiff Kimberly Rumsey's ("Rumsey") claims against Brady for gender discrimination and unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). A jury trial was held on March 18–20, 2019. At the close of Rumsey's case-in-chief, the court granted Brady's motion for judgment as a matter of law on Rumsey's gender discrimination claim but denied the motion as to Rumsey's retaliation claim. Brady renewed its motion for judgment as a matter of law on the retaliation claim at the close of evidence. The court sent the case to the jury and indicated that it would consider the motion post-verdict if need be. The jury sent several notes to the court and received an Allen charge. After about four hours of deliberation, the court received a note from the jury that said "we have one juror that will not listen to anyone." Trial Tr. 642:9–13. The court offered for the parties to accept a less-than-unanimous verdict, which Rumsey declined. As a result, the court declared a mistrial.

1

On April 17, 2019, Brady filed its renewed motion for judgment as a matter of law on the retaliation claim. ECF No. 78. Rumsey responded on May 6, 2019, ECF No. 82, and Brady replied on May 13, 2019, ECF No. 83. Pursuant to the court's instruction, Rumsey filed an amended response on May 17, 2019, ECF No. 84, and Brady replied to the amended response on May 24, 2019, ECF No. 85. The motion is now ripe for review.

## II. STANDARD

Rule 50(b) provides that "[i]f the court does not grant a motion for judgment as a matter of law made under Rule 50(a) [before the case is submitted to the jury], the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." Fed. R. Civ. P. 50(b). A trial court should award judgment as a matter of law to a movant pursuant to Fed. R. Civ. P. 50(b) "if a reasonable jury could only reach one conclusion based on the evidence or if the verdict in favor of the non-moving party would necessarily be based upon speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). A movant is entitled to judgment as a matter of law "if the nonmoving party failed to make a showing on an essential element of his case with respect to which he had the burden of proof." Price v. City of Charlotte, 93 F.3d 1241, 1249 (4th Cir. 1996).

Judgment as a matter of law is appropriate when the evidence can support only one reasonable conclusion. See Chaudhry v. Gallerizzo, 174 F.3d 394, 405 (4th Cir. 1999). "[T]he evidence and all reasonable inferences from it are assessed in the light most favorable to the non-moving party, and the credibility of all evidence favoring the non-moving party is assumed." Crinkley v. Holiday Inns, Inc., 844 F.2d 156, 160 (4th Cir. 1988). If there is any evidence on which a reasonable jury could return a verdict in

favor of the nonmoving party, judgment as a matter of law should not be granted. Price, 93 F.3d at 1249.

### III. DISCUSSION

Brady argues that it is entitled to judgment as a matter of law on Rumsey's retaliation claim because Rumsey failed to prove several elements of her case. Title VII prohibits retaliation "against an employee because, in relevant part, she 'has opposed any practice made an unlawful employment practice by this subchapter.'" Boyer-Liberto v. Fontainebleau Corp., 786 F.3d 264, 281 (4th Cir. 2015) (quoting 42 U.S.C. § 2000e–3(a)). A plaintiff may prove her retaliation case either though direct evidence or the burden-shifting framework established by McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Strothers v. City of Laurel, Md., 895 F.3d 317, 327 (4th Cir. 2018). Under the McDonnell Douglas framework, the plaintiff must first establish a prima facie case of retaliation. Id. The elements of a prima facie Title VII retaliation case are (1) engagement in a protected activity; (2) adverse action against the plaintiff; and (3) a causal link between the protected activity and the adverse action. Id.; Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010). If a plaintiff proves these three elements, then the burden shifts to the defendant employer "to articulate a legitimate, non-retaliatory reason for the adverse employment action." Anderson v. G.D.C., Inc., 281 F.3d 452, 458 (4th Cir. 2002). If the defendant does so, the burden then shifts back to the plaintiff to "demonstrate that the employer's asserted reason is simply a pretext for retaliation." Id. Brady contends that Rumsey failed to meet her burden of proof in both her prima facie case and in demonstrating pretext. The court finds that, based on the evidence presented at trial viewed in the light most favorable to Rumsey, no

3

reasonable jury could find that Rumsey proved that she was engaged in activity protected by Title VII, the first element of her prima facie case.

Brady argues that Rumsey failed to establish the first element of her prima facie case of retaliation because she did not have an objectively reasonable belief that Brady unlawfully discriminated against her based on her gender, meaning she was not engaged in activity protected by Title VII. As stated above, to establish a prima facie case of retaliation, a plaintiff must prove that she engaged in an activity protected by Title VII. Activity protected by Title VII includes an employee complaining to her superiors about suspected violations of Title VII, including suspected gender discrimination. Strothers, 895 F. 3d at 328. Indeed, in order for a plaintiff to prove that he engaged in a protected activity, he "need 'only . . . prove that he opposed an unlawful employment practice which he reasonably believed had occurred or was occurring.'" Coleman v. Loudoun Cty. Sch. Bd., 294 F. App'x 778, 781 (4th Cir. 2008) (quoting Peters v. Jenney, 327 F.3d 307, 320 (4th Cir. 2003)). "This requires that the plaintiff: (1) have a good faith belief that the employer is engaging in an unlawful employment practice; and (2) that the belief is objectively reasonable in light of the facts." Id. (emphasis added); see also Davis v. Dimensions Health Corp., 639 F. Supp. 2d 610, 617 (D. Md. 2009) ("The United States Court of Appeals for the Fourth Circuit explains that the inquiry is whether: (1) the plaintiff subjectively (in good faith) believed that the defendant engaged in an unlawful action; and (2) whether this belief was objectively reasonable in light of the facts.").

Here, Rumsey testified that she complained to Brady that she believed that Brady was discriminating against her based on her gender. Trial Tr. 84:25–86:15. The basis for this belief was that Rumsey's male counterpart was receiving more sales quote

opportunities through a "quote wheel" than Rumsey was because Rumsey's male counterpart was on the wheel, and Rumsey was not. Trial Tr. 85:17–86:2. For the purposes of its motion, Brady accepts as true that Rumsey had "a good faith belief" that her absence on the quote wheel was a result of gender discrimination. However, Brady argues that Rumsey's belief was not objectively reasonable in light of the evidence presented at trial. "Complaining employees are protected by Title VII once they have an objectively reasonable belief that a Title VII violation has occurred." Jordan v. Alternative Res. Corp., 467 F.3d 378, 380 (4th Cir. 2006) (emphasis in original); see also Strothers, 895 F.3d at 327 ("[C]omplaining employees are protected if, at the time of their complaint, they 'have an objectively reasonable belief in light of all the circumstances that a Title VII violation has happened or is in progress.'"). "Because the analysis for determining whether an employee reasonably believes a practice is unlawful is an objective one, the issue may be resolved as a matter of law." Jordan, 458 F.3d at 339. "[T]he test for objective reasonableness is not firmly established in the Fourth Circuit." Durant v. SAFE Fed. Credit Union, 2015 WL 926013, at *8 (D.S.C. Mar. 4, 2015). However, a "[p]laintiff's evidence cannot establish objective reasonableness under any standard" when "she has offered no evidence that could lead a reasonable person to believe that the alleged offending conduct was . . . motivated" by her gender. Id.

For example, in Davis v. Dimensions Health Corp., the court found that the plaintiff's belief that the defendant discriminated against him based on his gender and religion was objectively unreasonable because (1) the plaintiff conceded that none of his female coworkers ever made remarks or jokes about men or referenced gender, (2) the

5

plaintiff admitted to having no knowledge of other male employees being harassed, and (3) it was undisputed that no one made derogatory or discriminatory remarks about the plaintiff's religion. 639 F. Supp. 2d at 618. Similarly, in Perry v. Kappos, the court held that "[n]o objectively reasonable person in Plaintiff's position would believe, based on the facts posited by Plaintiff, that he or she was being discriminated against on the basis of race, gender, or color" because the record was "devoid of any evidence, aside from Plaintiff's own conclusory statements," that any other employee was discriminated on the basis of race, gender, or color and because the plaintiff offered no evidence corroborating his allegations of discrimination. 776 F. Supp. 2d 182, 196–97 (E.D. Va. March 2, 2011).

Rumsey testified at trial that she believed that she was subjected to gender discrimination solely because she was left off a quote wheel while her male counterpart was not. Trial Tr. 146:18–24. Indeed, Rumsey testified that she had no knowledge of her male supervisors making any discriminatory comments about her or other women. Id. 126:13–128:8. Rumsey also testified that she was not aware of those same male supervisors discriminating against other women at Brady. Id. 128:16–23. Furthermore, at the close of Rumsey's case in chief, the court granted a judgment as a matter of law against Rumsey on her gender discrimination claim. The court stated that, even in the light most favorable to Rumsey, there was no evidence on which a rational jury could rely to find that Rumsey was discriminated against on the basis of her gender when she was removed from the quote wheel. Trial Tr. 402:3–8. Even viewing the evidence at trial in the light most favorable to Rumsey, Rumsey simply did not present any evidence that she was removed from the quote wheel based on gender discrimination other than her own subjective conclusions. Therefore, the court finds that it was objectively

6

unreasonable for Rumsey to believe that she was being discriminated based on her gender.

Rumsey cites to <u>Hamner v. St. Vincent Hosp. & Health Care Ctr., Inc.</u>, 224 F.3d 701, 707 (7th Cir. 2000), for the proposition that "[o]bjective reasonableness means only that the complaint must involve discrimination that is prohibited by Title VII." ECF No. 84 at 5. However, this is a mischaracterization of what the Seventh Circuit stated in <u>Hamner</u>. The Seventh Circuit explained that "[t]he plaintiff must not only have a subjective (sincere, good faith) belief that he opposed an unlawful practice; his belief must also be objectively reasonable, <u>which means that the complaint must involve discrimination that is prohibited by Title VII</u>." <u>Hamner</u>, 224 F.3d at 707 (emphasis added). This was crucial because the plaintiff in <u>Hamner</u> based his retaliation claim on allegations that he was discriminated against on the basis of his sexual orientation, and at the time, Title VII did not cover discrimination based on sexual orientation. <u>Id.</u> Therefore, the court concluded that no reasonable jury could find that Hamner reasonably believed that he complained of discrimination that was prohibited by Title VII. The Seventh Circuit did not hold, as Rumsey posits, that as long as a complaint involves discrimination prohibited by Title VII, then the plaintiff's belief is objectively reasonable.

Rumsey also relies upon <u>Magyar v. Saint Joseph Reg'l Med. Ctr.</u>, in which the Seventh Circuit stated that "[t]he objective reasonableness of the belief is not assessed by examining whether the conduct was persistent or severe enough to be unlawful, but merely whether it falls into the category of conduct prohibited by the statute." 544 F.3d 766, 771 (7th Cir. 2008). However, the Seventh Circuit made this statement to explain that part of the objective reasonableness inquiry includes determining whether the

7

complained-of conduct is actually protected by Title VII. The court contrasted this statement with a brief explanation of Hamner, which, as discussed above, involved a plaintiff complaining of conduct that was not protected by Title VII at the time. The court then stated that "Title VII does protect employees from discrimination on the basis of sex, and sexual harassment is a recognized species of such discrimination," which was the type of discrimination about which the plaintiff complained. Id. However, the court's inquiry did not end there. The court went on to explain that there was evidence in the record of "actual touching" of the plaintiff and that "[h]aving a man old enough to be her father plop into her lap and put his lips to her ear to whisper 'you're beautiful' is the type of occurrence that, if it happened often enough, could constitute sexual harassment." Magyar, 544 F.3d at 771–72. The court found that this was sufficient evidence for the plaintiff's belief that she was being sexually harassed to be objectively reasonable.

In contrast, the court in Lord v. High Voltage Software, Inc., another case cited by Rumsey, explained that "although Lord's complaints concerned workplace banter and conduct that had sexual overtones, no evidence suggests that he was harassed because of his sex. Without evidence of a prohibited motive, Lord's belief that he was complaining about sexual harassment, though perhaps sincere, was objectively unreasonable." 839 F.3d 556, 563 (7th Cir. 2016). Because there was no evidence of potential sexual harassment, the plaintiff's complaint was objectively unreasonable. While Rumsey attempts to use these cases to establish a more lenient standard of objective reasonableness, they actually demonstrate that a plaintiff must present some evidence of the discrimination of which she complains in order to have an objectively reasonable

belief that she is being discriminated against. Here, there is simply no evidence of gender discrimination against Rumsey other than her own speculation.

Finally, the only two cases within the Fourth Circuit on this issue that Rumsey cites do not provide support for Rumsey's argument that it was objectively reasonable for her to believe that she was being subjected to gender discrimination. In <u>Williamson v. Carolina Power</u>, the court found that the plaintiff's claim for retaliation should not be dismissed because she alleged that she was the only woman in her work group, she was treated in a disparate manner from the men in her group, and her coworkers believed that their supervisor was discriminating against the plaintiff based on her gender. 754 F. Supp. 2d 787, 793 (E.D.N.C. 2010). As an initial matter, Williamson was decided under the standard of a 12(b)(6) motion to dismiss, meaning she only had to "state[] a plausible claim for relief supported by well-pleaded facts." <u>Id.</u> at 791 (citation omitted). Here, Rumsey had the burden <u>to produce evidence</u> that, more likely than not, it was objectively reasonable for her to believe that she was being discriminated against on the basis of her gender. Moreover, the portion of <u>Williamson</u> to which Rumsey cites is simply a summary of the allegations that show an objectively reasonable belief of discrimination. <u>Williamson</u> involved allegations of repeated incidents in which the plaintiff's supervisor treated the plaintiff differently and singled her out as well as claims that the plaintiff's coworkers told the plaintiff that her supervisor "disliked her because she was a female and that she was an 'easy target' for [the supervisor] because Plaintiff was the only female in the group." <u>Id.</u> at 789–90. These allegations exceed any evidence that Rumsey

9

presented at trial. Instead, Rumsey simply testified that she was not included on a quote wheel while her male counterpart was.

Rumsey also cites to Boyer-Liberto v. Fontainebleau Corp., 786 F.3d 264, 288 (4th Cir. 2015), to support the proposition that Title VII hopes and expects employees to report their concerns about discrimination to their employers in order to avert any further discrimination. While this statement is generally true, it does nothing to convince the court that a reasonable jury could find that it was objectively reasonable for Rumsey to believe that she was being discriminated against based on her gender.

Because Rumsey did not present sufficient evidence so that a reasonable jury could find that it was objectively reasonable for her to believe that she was being discriminated based on her gender, the court finds that Rumsey did not prove that she was engaged in activity protected by Title VII and therefore did not establish her prima facie case for retaliation. Therefore, it is unnecessary to consider Brady's other arguments in support of its renewed motion for judgment as a matter of law, and entry of judgment as a matter of law in favor of Brady is warranted.

## IV. CONCLUSION

For the foregoing reasons the court **GRANTS** the renewed motion for judgment as a matter of law.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 5, 2019**
**Charleston, South Carolina**