IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| KIMBERLY RUMSEY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 9:17-cv-02026-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| BRADY CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant Brady Corporation's ("Brady") submission of a bill of costs for $4,403.28. Plaintiff Kimberly Rumsey ("Rumsey") objects to the costs. For the reasons set forth below, the court overrules Rumsey's objections and grants Brady $4,403.28 in costs.

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) creates a presumption "that costs are awarded to the prevailing party." Keeshan v. Eau Claire Coop. Health Centers, Inc., 394 F. App'x 987, 997 (4th Cir. 2010). However, "while Rule 54(d)(1) intends the award of costs to the prevailing party as a matter of course, the district court is given discretion to deny the award." Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999). "To overcome the presumption [of awarding costs], a district court must justify its decision [to deny costs] by articulating some good reason for doing so." Id. The following factors may justify denying an award of costs: (1) the prevailing party's engagement in misconduct worthy of a penalty; (2) "the losing party's inability to pay"; (3) excessive claimed costs; (4) the limited value of the prevailing party's victory; and (5) "the closeness or difficulty of the

1

issues decided." Id. A district court's decision to award or deny costs is reviewed for abuse of discretion. Id.

Brady prevailed in this action, having judgment entered in its favor pursuant to the court's order granting Brady's renewed motion for judgment as a matter of law. While Rumsey does not dispute that Brady is the prevailing party, she argues that an award of costs to Brady should be denied based on several of the factors articulated in Cherry. Rumsey first argues that Brady should not be awarded costs because Rumsey will have trouble paying the costs. A court may deny costs when the losing party is "of such modest means that it would be unjust or inequitable to enforce Rule 54(d)(1) against her." Cherry, 186 F.3d at 447. Indeed, courts have denied costs when the losing party convincingly demonstrates its inability to pay. See Jeter v. Allstate Ins. Co., 2017 WL 5593296, at *2 (D.S.C. Mar. 28, 2017) (denying prevailing party's bill of costs in part because the losing party was over sixty years old, ran a small business, was the sole provider for his family, and stated that paying the costs would be a substantial hardship); Merritt v. Old Dominion Freight Line, Inc., 2009 WL 1362378, at *1 (W.D. Va. May 15, 2009) (finding that plaintiff did not have ability to pay costs because she was unable to find a job after actively looking for one, had few assets, and had significant credit card debt).

Here, Rumsey contends that she would have difficulty paying costs because she makes less money at her current job than she did while working for Brady and because she is a caretaker for her mother, who suffers from Alzheimer's. While the court is sympathetic to Rumsey's caregiving responsibilities, she has not shown that she suffers from the severe financial hardship that courts have found to result in an inability to pay

costs. Therefore, the court is unconvinced that Rumsey is "of such modest means that it would be unjust or inequitable" for her to pay costs. See Cherry, 186 F.3d at 447.

Rumsey also argues that she brought the case in good faith. "Most circuits, including this one, have rejected the argument that an unsuccessful Title VII plaintiff's good faith in bringing the suit will likewise shield her from being taxed with her opponent's costs." Keeshan, 394 F. App'x at 998. Therefore, Rumsey's representation that she brought her case in good faith does not weigh in favor of denying costs.

Finally, Rumsey argues that this case was close and decided on "the narrowest of issues." A case is "close and difficult" when it is "hotly contested at trial" or when the legal issues are not "clear cut." Ellis v. Grant Thornton LLP, 434 F. App'x 232, 235 (4th Cir. 2011). While Rumsey is correct in pointing out that the jury trial did not result in a unanimous verdict for either side, the court's decision granting judgment in favor of Brady was not decided on "the narrowest of issues." The court held that Rumsey failed to prove an essential element of her prima facie case, namely, that Rumsey was engaged in activity protected by Title VII because her belief of discrimination was not objectively reasonable. Circuit courts have not, as Rumsey suggests, decided this issue "on both sides of the fence." Instead, courts are clear that a plaintiff must show that her belief that she was a victim of discrimination was objectively reasonable, and Rumsey presented <u>no</u> evidence of gender discrimination to support an objectively reasonable belief other than her own speculation. Courts have consistently held that a plaintiff's speculation alone is not sufficient to meet her burden on this element.

In sum, after considering the Cherry factors,[1] the court finds that Rumsey's arguments do not overcome the presumption of awarding costs to the prevailing party. For the foregoing reasons the court **OVERRULES** Rumsey's objections and **GRANTS** Brady $4,403.28 in costs

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**July 18, 2019
Charleston, South Carolina**

---

[1] Rumsey does not argue that Brady engaged in misconduct or that Brady's costs are excessive.